C. J. Tower & Sons *v.* United States

**No. 5729.**—Invoices dated Toronto, Canada, September 13, 1941, etc.
　　　　　　　Certified September 15, 1941, etc.
　　　　　　　Entered at Buffalo, N. Y., September 16, 1941, etc.
　　　　　　　Entry No. 1716, etc.

.(Decided October 9, 1942)

*Barnes, Richardson & Colburn* (*Hadley S. King* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

Oliver, Presiding Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between the attorneys for the parties hereto, subject to the approval of the court, that the facts and the issues involved

in the appeals to reappraisement set forth in schedule A hereto annexed and made a part hereof, are the same in all material respects to the facts and issues involved in *F. W. Myers & Co., Inc.* v. *United States*, Reap. Dec. 5607.

That foreign value, as that value is defined in Section 402 (c) of the Tariff Act of 1930, is the appraised value less any additions made by the importer by reason of the Canadian sales tax and that the export value of said merchandise is no higher.

It is further stipulated and agreed that the record in Reap. Dec. 5607 be incorporated as a part of the records in the appeals to reappraisement set forth in schedule A and that the said appeals to reappraisement are hereby submitted on this stipulation.

On the agreed facts I find the foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930 as amended, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less any additions made by the importer by reason of the Canadian sales tax.

Judgment will be rendered accordingly.